# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURNELL R. NELSON, | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:17-CV-2419 |
| v. | : |
| | : (Judge Caputo) |
| SERGEANT JERAMIAH BOONE, | : |
| Defendant | : |

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Mr. Nelson's Motion for Appointment of Counsel (ECF No. 5) pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, the motion will be denied.

## II. Background

### A. Procedural History

On November 27, 2017, Purnell R. Nelson, a state inmate presently housed at SCI-Benner Township (SCI-Benner), in Bellefonte, Pennsylvania, initiated the present action in the Center County Court of Common Pleas, Pennsylvania, at docket number 2017-4151. On December 29, 2017, the Defendant filed a Petition for Removal claiming Plaintiff's action sets forth both federal constitutional and state

law tort claims. (ECF No. 1.) On January 16, 2018, Mr. Nelson filed a motion to remand the action back to state court. (ECF No. 4.) This motion is not yet ripe for disposition.

### B. Allegations of the Complaint

Mr. Nelson alleges that Sergeant Boone, the sole defendant, sexually propositioned him on October 17, 2017, and then threatened to issue him a disciplinary report if he told anyone. (ECF No. 1 – 2.) Mr. Nelson refused the request and then filed a grievance concerning the event. The grievance manager advised Mr. Nelson that due to the nature of the grievance it would be forwarded to the Security Department and the institution's Prison Rape Elimination Act (PREA) compliance manager. As of the date he filed his Complaint Mr. Nelson was still awaiting a response to his grievance from either the Security Department or the PREA compliance manager. Additionally, Plaintiff's requests that prison staff file a criminal complaint against Sgt. Boone were denied. Mr. Nelson suffers from psychological and emotional distress due to the incident. (*Id*.)

## III. Standard of Review

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed*." Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the

3

indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

IV. **Discussion**

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. Until the parties have fully briefed the motion to remand the Court is unable to evaluate the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. At this point Mr. Nelson has demonstrated his proficiency in English and his ability to communicate with the Court. His Complaint and motion to remand also demonstrate sufficient cognitive ability and skill to present logical and straitword arguments in support of his Complaint. Furthermore, he does not suggest, or provide other documentation, that he presently suffers from any impediment unusual to other *pro se* prisoner litigants before this Court. It is also noted that Mr. Nelson has not advised the Court of any effort he has undertaken to obtain counsel on his own.

To the extent that Mr. Nelson's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Nelson in the absence of court appointed counsel.  Consequently, Mr. Nelson's request for counsel will be denied without prejudice.  Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

**Date:  January 23, 2018**  /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　**United States District Judge**